IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TOMMY DWAYNE TURMAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-CV-73-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ISSUE**

**Whether the ALJ properly determined that Plaintiff does not meet Listing 12.05C.**

## Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on January 27, 2011, alleging disability as of January 1, 2001. Tr. 12, ECF No. 11-2. Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on November 20, 2012. *Id*. Following the hearing, the ALJ issued an unfavorable decision on November 29, 2012. Tr. 12-25. The Appeals Council ultimately denied Plaintiff's Request for Review on June 26, 2014. Tr. 1-3. This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff met the insured status requirement of the Social Security Act through December 31, 2003. Tr. 14. The ALJ further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since his alleged onset date. *Id*. The ALJ found that Plaintiff had the severe impairments of lower back pain, hypertension, borderline intellectual functioning, and major depressive disorder. *Id*. The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ specifically considered Listing 12.05 in making this determination. Tr. 20-22.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work with both exertional and nonexertional limitations. Tr. 16-17. Plaintiff was found to have no past relevant work. Tr. 23. The ALJ further found that Plaintiff was 37 years old on the alleged disability onset date, which is considered to be a younger individual, but has since changed age categories to closely approaching advanced age. Plaintiff was found to have a limited education, and is capable of communicating in English. *Id.* Considering his education, age, work experience, and RFC, the ALJ elicited testimony from a vocational expert (VE) that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform such as box bender, automatic machine attendant, laundry cloth folder, and box sealer inspector. Tr. 24. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from January 1, 2001 through the date of the decision. *Id.*

## DISCUSSION

**Did the ALJ properly analyze Plaintiff's mental impairment under Listing 12.05?**

In his brief on appeal, Plaintiff raises one issue. He asserts that the ALJ erred in finding that his mental impairments do not meet or medically equal paragraph C of Listing 12.05. Pl.'s Br. 7-10, ECF No. 12. The commissioner responds that although Plaintiff showed a valid full scale IQ of 60-70, he did not meet the remaining criteria for listing 12.05C. Def's Am. Br. 4, ECF No. 16.

The sequential evaluation process must be followed when a claim for disability benefits is considered by the Commissioner. *Ambers v. Heckler,* 736 F.2d 1467, 1469

(11th Cir. 1984).  Whether a claimant has impairments which alone or in combination meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, App'x 1 is decided at step three of the process.  The Listing of Impairments describes for each of the major body systems those impairments which are considered sufficiently severe to preclude a person from engaging in substantial gainful activity.  A claimant "meets" the listing if he has a diagnosis included in the Listing and proves that that his condition fulfills the specific criteria of the Listing including the duration requirement.  20 C.F.R.404.1525(a)-(d).  A claimant "medically equals" the Listing when he proves that his condition is equal in severity and duration to the findings required by the Listing.  20 C.F.R. 404.1526(a); *Wilson v. Barnhart,* 284 F.3d 1219 (11th Cir. 2002).  The claimant has the burden of proving that his impairments meet or medically equal a listed impairment.  *Bell v. Bowen,* 796 F.2d 1350, 1353 (11th Cir. 1986).  He must prove that he meets all of the criteria for presumptive disability.  *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990).

As both parties agree, to meet the criteria for presumptive disability under Listing 12.05 the claimant must establish: (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning prior to age twenty-two; (2) a valid verbal, performance or full scale IQ of 60 through 70; and, (3) another physical or mental impairment imposing an additional and significant work-related limitation of function. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00A, 12.05.  Plaintiff argues that the ALJ erred in finding that Plaintiff failed to meet the first and third requirements.  Defendant does not contest that Plaintiff has shown a valid IQ score between 60 and 70, but argues

that the ALJ properly found Plaintiff did not show the required deficits in adaptive functioning, and while not expressly conceding error by the ALJ, argues that the ALJ's statement regarding a lack of "another physical or mental impairment" would be harmless because the ALJ's finding that Plaintiff does not meet the Listing rests on other valid grounds.  Def.'s Br. 5.

The Court considers first Plaintiff's claim regarding the ALJ's finding that Plaintiff has not shown deficits in adaptive functioning.  Plaintiff argues that the findings of Dr. John Grace, a consultative examiner who evaluated Plaintiff in January 2011, were internally inconsistent with regard to deficits in adaptive functioning.  Pl.'s Reply 1, ECF No. 14.  Plaintiff points to a number of specific findings from Dr. Grace that are inconsistent with his ultimate conclusion that Plaintiff could not be considered for a diagnosis of mental retardation because he does not have difficulty with adaptive functioning.  These include that Plaintiff had some difficulty carrying out simple instructions, that Plaintiff could have difficulty adjusting to living alone in the future and being responsible for all aspects of daily functioning, and that under stressful conditions, Plaintiff would probably not respond adaptively.  Tr. 313-14.  Because the ALJ based his finding that Plaintiff did not meet Listing 12.05C in part on Dr. Grace's conclusion, Plaintiff contends this finding is not supported by substantial evidence and remand is required for the ALJ to resolve the inconsistencies.

The ALJ's opinion expressly considers Plaintiff's argument and refutes it.  The ALJ noted numerous pieces of evidence detailing that Plaintiff has little difficulty with adaptive functioning, including: that Plaintiff held a steady job for roughly ten years and

7

reported no difficulty managing his daily affairs during that time; Plaintiff had significant prior work history before age 22; Plaintiff had his driver's license for years until it was suspended for failure to pay child support; Plaintiff had hobbies including skating and working on cars; and that although he reported that his friend handled many day to day functions for Plaintiff, there was no indication that this was a result of any specific adaptive functioning deficits present prior to age 22. Tr. 20. These factors also support the finding that Plaintiff had not shown deficits in adaptive functioning and support Dr. Grace's conclusion. Plaintiff asks the Court to usurp the role of the ALJ and re-weigh the evidence to find that Plaintiff is disabled, but the Court's role is a limited one, and the ALJ's is supported by substantial evidence. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam) (finding that the duty to resolve conflicts in the evidence is up to the Commissioner, not the Courts).

Plaintiff also alleges that he is illiterate and that the ALJ should have considered this as evidence of a deficit in adaptive functioning. Pl.'s Br. 10. However, as the Defendant points out, the evidence refutes this claim. Specifically, the ALJ noted that Plaintiff completed two psychological tests without assistance and reported that reading was one of his hobbies. Tr. 20. Plaintiff's claim of illiteracy is not supported by the record and the ALJ did not err in rejecting it.

All of the requirements for Listing 12.05C must be met for a finding in Plaintiff's favor on this appeal. Because the Court holds that the ALJ's finding that Plaintiff did not prove deficits in adaptive functioning is not reversible error, Plaintiff's other contention is moot.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 5th day of February, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE